IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

CITY OF ASHTABULA,

CIVIL ACTION NO. 1:09-CV-364

Plaintiff,

v.

NORFOLK SOUTHERN CORPORATION and
NORFOLK SOUTHERN RAILWAY COMPANY,

Defendants.

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(1) FEDERAL
RULES OF CIVIL PROCEDURE**

Norfolk Southern Railway Company ("NSRC") and Norfolk Southern Corporation

("NSC"), by and through its undersigned counsel, hereby moves and respectfully seeks an order

dismissing the complaint filed against it in this matter pursuant to Rule 12(b)(1) of the Federal

Rules of Civil Procedure ("Rule" or "Rules") for lack of subject matter jurisdiction.

STATEMENT AND BACKGROUND

On November 26, 2008, Plaintiff sent a letter to Defendants, the U.S. Environmental

Protection Agency, and various Ohio officials purporting to notify the recipients of Plaintiff's

intent to file a citizen suit against Defendants pursuant to § 505 of the CWA, 33 U.S.C. § 1365,

and § 304 of the Clean Air Act, 42 U.S.C. § 7604.  The notice letter, however, fell far short of satisfying the pre-suit notification requirements laid out in the CWA and CAA and the statutes' implementing regulations.  The notice letter failed to notify Defendants of the specific dates of the alleged violations or indicate what standards or limitations Defendants supposedly violated, which is the principal purpose of a notice letter and regulations requiring specificity.  Because Plaintiff's notice letter to Defendants was both procedurally and substantively deficient, this Court does not have subject matter jurisdiction and Plaintiff's Complaint must be dismissed.

On February 20, 2009, the City of Ashtabula ("Plaintiff") filed a complaint against NSC and NSRC seeking injunctive relief and an assessment of civil penalties and attorneys' fees for alleged violations of the Clean Water Act, ("CWA") 33 U.S.C. §§ 1251-1387, Clean Air Act ("CAA"), 42 U.S.C. §§ 7401 to 7671q, and public nuisance relating to NSRC's operation of a coal dock facility in Ashtabula County, Ohio.  Plaintiff's Complaint, following the course set by the Notice Letter, similarly lacks specificity, and does not satisfy notice pleading requirements under Rule 8 of the, failing to invoke this Court's subject matter jurisdiction under Rule 12(b)(1)**.**

*The Coal Dock*

NSRC[1] operates a coal dock facility in Ashtabula, Ohio along the Ashtabula River near the river's drainage into Lake Erie.  The coal dock and railroad activities have been at their current location for over 100 years.[2]  Although NSRC has operated the coal dock since only

---

[1] Norfolk Southern Railway Company is a wholly owned subsidiary of Defendant Norfolk Southern Corporation.

[2] In considering a Motion to Dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), it is appropriate for courts to look beyond the four corners of a complaint and consider those matters that are of public record and judicially noticeable. See, U.S. v. North Carolina, 180 F. 3d 574 (4th Cir. 1999); White v. Lee, 227 F. 3d 1214 (9th Cir. 2000). The same holds true for Motions to Dismiss for failure to state a claim on which relief can be granted under Rule 12(b)(6). See, Norfolk Southern Ry. Co. v. Shulimson, 1 F. Supp. 2d 553 (D, N.C. 1998).

1999, the coal dock facility has been in existence in this location since 1902, just a few years after Ashtabula was incorporated in 1891.

In order to provide coal for power generation, rail cars deliver coal to the unloading dock area on the  Eastern side of coal dock facility, several hundred feet from the river.  The West side of the coal dock is across the Ashtabula River and contains a coal stock pile necessary to load the much larger coal vessels that traverse Lake Erie.  What Plaintiff's Complaint refers to as a "conveyor" is in fact a bridge built in 1968 to transport coal from the East to the West side of the coal dock facility, totally enclosed except for venting necessary to prevent fire or explosion.

Plaintiff now claims the coal dock is a nuisance, and alleges violation of environmental laws regulating air and water including unpermitted air and water releases and releases in violation of permits.  The coal dock has environmental permits from the Ohio Environmental Protection Agency ("OEPA") authorizing water dischargers and air emissions under the CWA and CAA.  The Ohio Environmental Protection Agency (OEPA), under authorization from the United States Environmental Protection Agency, has issued a National Pollutant Discharge Elimination System ("NPDES") Permit # 31T00011 ("NPDES Permit") under the Clean Water Act ("CWA") to NSRC for  discharges from the coal dock facility to the Ashtabula River  and Lake Erie.  The operations at the coal dock facility by necessity involve the discharge of some storm water (due to rain events) and some process water (e.g. due to cleaning of the coal bridge for fire suppression and safety) and the permit authorizes these discharges, specifically including waters which may contain small amounts of coal.  The NPDES Permit contains limitations and monitoring for these discharges.  Defendants' current NPDES permit authorizes discharges up to and including  March 31, 2010.[3]

---

[3] A copy of Defendants' NPDES permit and CAA permit is attached as Exhibit A for the Court's convenience.

In addition, OEPA is authorized by the United States EPA to issue permits under the Clean Air Act, and has issued NSRC four  permits for air emissions from four separate sources at the coal dock facility.

## ARGUMENT AND CITATION TO AUTHORITY

I.   **PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF'S PRE-SUIT NOTICE WAS PROCEDURALLY AND SUBSTANTIVELY INSUFFICIENT AND THIS COURT THEREFORE LACKS SUBJECT MATTER JURISDICTION**

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a plaintiff's complaint for lack of subject matter jurisdiction.  "Where subject matter jurisdiction is challenged under Rule 12(b)(1), . . . the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986).  Here, Plaintiff cannot meet its burden to prove that subject matter jurisdiction exists and the Court should dismiss Plaintiff's Complaint.

Both the CWA and the CAA provide that a citizen suit "is the sole avenue of relief for private litigants seeking to enforce certain enumerated portions of the statute."  Board of Trustees v. City of Painesville, 200 F.3d 396, 399 (6th Cir. Ohio 1999).  Both provisions limit jurisdiction of the courts over private citizen actions against a person "who is alleged to be in violation of (A) an effluent standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation."  33 U.S.C. §1365(a); 42 U.S.C. § 7604(a).

Both the CWA and CAA contain procedural limitations as to when a citizen may bring such a suit:

No action may be commenced . . . under subsection (a)(1) of this section

(A)     prior to sixty days after the plaintiff has given notice of the alleged violation (i) to the Administrator, (ii) to the State in which the alleged violation occurs, and (iii) to any alleged violator of the standard, limitation, or order, or

(B)     if the Administrator or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States, or a State to require compliance with the standard, limitation, or order . . . .

Notice under this subsection shall be given in such a manner as the Administrator shall prescribe by regulation.

33 U.S.C. § 1365(b); *see also* 42 U.S.C. § 7604(b).   "The Supreme Court has held that compliance with the notice and sixty-day delay provisions are mandatory conditions precedent to filing a citizen lawsuit . . . and that failure to adhere to these provisions requires dismissal of the citizen suit."  *Sierra Club v. City of Columbus*, 282 F. Supp. 2d 756, 763 (S.D. Ohio 2003); *see also Atlantic States Legal Foundation, Inc. v. United Musical Instruments U.S.A., Inc.*, 61 F.3d 473, 478 (6th Cir. 1995) (stating that "when a citizen plaintiff fails to provide the required notice, the district court must dismiss the action as barred by the terms of the statute") (internal quotations omitted).  Dismissal of a plaintiff's citizen suit when inadequate pre-suit notification has been given is required because the court lacks subject matter jurisdiction.  *Atlantic States*, 61 F.3d at 478.  Because Plaintiff's pre-suit notice letter to Defendants was both procedurally and substantively insufficient, the Court should dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.

EPA has promulgated regulations prescribing the substantive content of a plaintiff's sixty-day notice letter.  Specifically, a plaintiff must include the following information:

1.     Sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to have been violated,

2.     The activity alleged to constitute a violation,

3.     The person or persons responsible for the alleged violation,

- 5 -

2042484v1

    4.      The location of the alleged violation,

    5.      The date or dates of such violation, and

    6.      The full name, address, and telephone number of the person giving notice.

40 C.F.R. § 135.3(a) (CWA); 40 C.F.R. § 54.3 (CAA).

The failure to include *any* of the above-listed information creates a jurisdictional defect that requires dismissal of a plaintiff's complaint.  *See Sierra Club*, 282 F. Supp. 2d at 776 (stating that the plaintiffs' failure to identify the full names, address, and phone numbers of the persons giving notice "in a clear manner is reason enough to dismiss their [c]omplaint for lack of jurisdiction").  Here, Plaintiff has failed to provide Defendants with "sufficient information to . . . identify the specific standard[s], limitation[s], or order[s]" Plaintiff alleges Defendants have violated and has failed adequately to identify the "date or dates of such violation[s]."  As a result, Plaintiff's sixty-day notice letter is substantively inadequate and the Court should dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.

    *1.*     *Plaintiff Has Failed To Notify Defendants of the Dates of the Alleged Violations*

On November 26, 2008, Plaintiff sent a letter to Defendants and various officials to notify the recipients of Plaintiff's intent to file a citizen suit pursuant to § 505 of the CWA, 33 U.S.C. § 1365, and § 304 of the Clean Air Act, 42 U.S.C. § 7604.  Plaintiff's sixty-day notice letter generally alleges that Defendants have "continuously failed to comply with" their NPDES permit, the CWA, their air permits, and the CAA.  (Ex. A to Complaint at 3.)  Plaintiff then repeats its allegation that "these violations have been continuous from at least [Defendants'] acquisition of the [c]oal [d]ock on or about June 1, 1999, to the present and will likely to continue.  The City also believes that such violations have occurred on each and every day

between June, 1999, and the present." (Id.)  No other allegations of the dates of the alleged violations appear in the notice letter; the sentences just quoted constitute the sole allegation of a timeframe of Defendants' alleged violations in Plaintiff's sixty-day notice letter.  Such vague assertions of the timeframe during which the alleged violations occurred, however, do not satisfy Plaintiff's pre-suit notice obligation.

While Plaintiff may attempt to argue that its letter is sufficient because it indicates the time period over which the violations occurred, this argument has been considered and rejected by other courts in the Sixth Circuit.  *See, e.g., Frilling v. Honda of America Manufacturing, Inc.*, 1996 U.S. Dist. LEXIS, *22 (S.D. Ohio Oct. 21, 1996) (rejecting such an argument where the plaintiff had referred to a specific number of violations over a five-year period and stating that "such references do not even assist the [d]efendant in identifying the specific year or years of the alleged violations").  In fact, the plaintiff in *Frilling* did more than Plaintiff has done here by specifying the frequency with which each *type* of violation occurred; here, Plaintiff has lumped all categories of alleged violations into one allegation of "continuous" violation since June 1999. *See Frilling*, 1996 U.S. Dist. LEXIS 22526 at *21 ("Plaintiffs . . . asserted that one violation occurred on a 'nearly daily' basis and that other violations occurred on a 'continuous' or 'intermittent' basis; and asserted that still other violations occurred some specific number of times . . . over a timeframe of roughly five years.")  Thus, Plaintiff has not even provided the decidedly insufficient notice provided in *Frilling* and Plaintiff's inclusion of a date range beginning in June 1999 and continuing to the present does not satisfy Plaintiff's burden to notify Defendants of the alleged violations.

Further, Plaintiff's reference to "continuous" violations during the time period does not save Plaintiff's otherwise deficient notice.  In *Frilling*, the plaintiff similarly had alleged that

- 7 -

certain violations had occurred on a "continuous" basis and that other violations had occurred on a "nearly daily" basis. *Id*. at *21. Despite admitting that the sufficiency of this notice was a "closer question," and that "both of these terms suggest that, on any given day, it is more likely than not that an alleged violation will have occurred, there is nevertheless considerable ambiguity as to the degree of said likelihood." *Id*. at *23-24. Such unspecific notice does not "assist the [d]efendant in identifying any *specific* date or dates, or even the number of days involved; rather they require the [d]efendant to examine its records for each and every day which falls within the time frame alleged . . . which will only be useful if every violation indicated by the [p]laintiffs is discernible in those records." *Id*. at *24 (emphasis in original). This ambiguity is only heightened where, as occurred here, a plaintiff lumps all categories of violations under two different statutes into one allegation regarding the relevant timeframe.

Finally, Plaintiff's notice letter fails to bestow subject matter jurisdiction on this Court to the extent it relies on alleged violations "that may be currently unknown." (Ex. A to Plaintiff's Complaint at 5.) The Sixth Circuit has held that a plaintiff's inclusion of "violations not yet known" is insufficient to create jurisdiction. *Atlantic States*, 61 F.3d at 478. Thus, because Plaintiff's sixty-day notice letter does not provide adequate notice to Defendants of the "date or dates of such violation[s]," this Court should dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.

>    2.    *Plaintiff Has Failed To Provide Defendants With Sufficient Information To Identify the Specific Standard, Limitation, or Order Allegedly Violated*

Plaintiff's sixty-day notice letter contains broad, general allegations that Defendants have failed to comply with the "effluent limitations, monitoring and reporting requirements" of Defendants' NPDES permit for the coal dock and have "failed to comply with [their air permits] by causing a public nuisance." (Ex. A to Plaintiff's Complaint at 3.) Nowhere in Plaintiff's

2042484v1

sixty-day notice letter does Plaintiff offer any specificity as to the  standard or limitation of the

NPDES permit or of the air permits that Defendants have allegedly violated.  Plaintiff's failure to

specify the particular paragraphs of the NPDES permit and/or the air permits that allegedly have

been violated creates an additional jurisdictional defect that requires dismissal of Plaintiff's

Complaint.  *See Sierra Club*, 282 F. Supp. 2d at 767 (dismissing a plaintiff's complaint where

the plaintiff's complaint alleged a violation of Part II.A. of the permit but the "notice letter

[made] no reference . . . to Part II.A.").  Here, Plaintiffs have made the same error made by the

Plaintiffs in *Sierra Club* by alleging a violation Part III.11 of NSRC's NPDES Permit in the

Complaint, but failing to identify Part III.11 in the notice letter.  Without specifying the

particular paragraph and/or section of the permit that allegedly has been violated, a defendant

"must scour [its] records and attempt to determine the particular violation being alleged." *Id*. at

768.

Here, Plaintiff did not provide Defendants with notice of even the particular section of

the permits that allegedly have been violated, let alone the particular paragraph, which the court

in *Sierra Club* held was necessary for sufficient notice.  For example, with regard to Defendants'

alleged violations of their NPDES permit, Plaintiff generally alleged that Defendants failed to

comply with the permit's "effluent limitations, monitoring and reporting requirements."  This

does not provide sufficient notice to Defendants of the particular section or subsection of the

permit that allegedly has been violated.  Effluent limitations appear in Part I.A., Part III.2, Part

III.11, Part III.17, and Part V.A; monitoring and reporting requirements appear in Part I.A., Part

I.C., Part II.A., Part III.4, Part III.5, Part III.6, Part III.7, Part III.8, Part III.12, and Part V.B. of

Defendants' NPDES permit. Similarly, each of the air permits impose emission limitations

and/or control measures as well as specific reporting, monitoring and recordkeeping

requirements.    As a consequence, Defendants "could not have been put on notice that they were alleged to have violated [any section] in particular, especially in light of the fact that the notice letter did not specify the manner in which [effluent limitations and/or monitoring and reporting requirements were] alleged to have been violated" and Plaintiff's sixty-day notice letter is jurisdictionally inadequate with regard to Plaintiff's allegations of permit violations.  *See Sierra Club*, 282 F. Supp. 2d at 767.[4]  Thus, the Court should dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.

## II.    PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF'S COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO INVOKE SUBJECT MATTER JURISDICTION

The deficiencies and lack of specificity in the Notice Letter are continued in the Complaint, rendering it also insufficient to establish subject matter jurisdiction.  As a general rule, a plaintiff satisfies its threshold jurisdictional obligations for subject matter jurisdiction by complying with Rule 8(a).  That rule requires "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the… claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  These provisions "contemplate the statement of circumstances, occurrences, and events in support of the claim presented" and do not authorize a pleader's "bare averment that he wants relief and is entitled to it." 5 Wright & Miller § 1202, at 94, 95. For these reasons, "a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a

---

[4] Even if the Court were to find that Defendants could determine that Part III.11, which prohibits "unauthorized discharges," was the section of the NPDES permit that Defendants allegedly have violated by virtue of Plaintiff's statement in the notice letter that "direct discharges into the waterways are illegal bypasses of the Norfolk Southern treatment plant and violate Section 402" of the CWA, dismissal would still be appropriate because there are five subsections of Part III.11 that Defendants could have violated and Plaintiff gave no indication "of the manner in which [Defendants] are alleged to have committed the violation" of Part III.11.  *See Sierra Club*, 282 F. Supp. 2d at 766.

- 10 -

formulaic recitation of the elements of a cause of action will not do, …" Bell Atlantic Corp. v.

Twombly, 550 U.S.544, 127 S. Ct. 1955, 1965 (2007).

In *Bell Atlantic Corp.,* the Supreme Court said that, when viewing the complaint under a

Motion to Dismiss pursuant to Rule 12(b)(1), to survive a motion to dismiss a complaint must

contain (1) "enough facts to state a claim to relief that is plausible," (2) more than "a formulaic

recitation of a cause of action's elements," and (3) allegations that suggest a "right to relief above

a speculative level."[5]

Plaintiff's complaint fails to meet the standard of *Bell Atlantic Corp.*  NSC and NSRC

ask the Court to take note that Plaintiff's Complaint is absent in providing any specific

circumstances, occurrences, and events in support of the claim presented.  Plaintiff alleges in

Counts 1 and 2 of the Complaint that NSC and NSRC's activities in operating and maintaining

the coal conveyor and unloading, loading, and handling of coal on the East side of the coal dock

constitute violation of the CWA (Complaint at ¶¶ 49-62).  Plaintiff alleges no facts that would, if

true, render these lawful activities a "violation of (A) an effluent standard or limitation under this

chapter or (B) an order issued by the Administrator or a State with respect to such a standard or

limitation" as is necessary to invoke this Court's jurisdiction under  33 U.S.C. §1365(a) or 42

U.S.C. § 7604(a).  As discussed above, neither the Notice Letter nor the Complaint identify

applicable effluent standards or limitations in the CWA, CAA, or in applicable permits alleged to

have been violated, and the Complaint is deficient in identifying alleged discharges or emissions

and their dates of occurrence such that the Defendants have no notice of the claims Plaintiff

seeks to pursue.  Plaintiff has resorted to the recitation of statutory elements under the CWA and

CAA generally which *Bell Atlantic Corp*. disallows, and has not even alleged as a recited

---

[5]  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).

element violation of an effluent standard or limitation which form the jurisdictional basis for a

citizen suit under the CWA and CAA provisions Plaintiff seeks jurisdiction under in this case.

Counts 3 and 4, which make up the totality of Plaintiff's claims against NSC and NSRC,

suffer from these same deficiencies, but are even less specific.  Count 3 alleges that "not all

discharges" from the coal pile on the West side of the coal dock discharge through the permitted

outfall location, concluding "as a result" some discharges are not treated.  (Complaint at ¶¶ 63-

66).  Count 4 contains only one substantive paragraph, and the only fact recited alleged nuisance

"since 1999" from "emissions" from the coal dock, with no more.  Complaint at ¶¶ 67-68).  For

all counts, reference to the prior portions of the Complaint provide no greater elucidation of the

Plaintiff's claims.

The Supreme Court in *Bell Atlantic Corp.* warns against the type of pleading approach

that may "get[] the complaint close to stating a claim, but without some further factual

enhancement it stops short of the line between possibility and plausibility of entitle[ment] to

relief."[6]  Of significant concern in *Bell Atlantic Corp*. and also in this case is the impact on

discovery of such a pleading approach.  Having alleged violations back to 1999 and provided no

specificity regarding date, location, or even action or inaction which might result in a violation

on the several hundred acre coal dock facility, allowing the Complaint to proceed potentially

opens the door to endless discovery.  For these reasons, the Supreme Court stated that "a district

court must retain the power to insist upon some specificity in pleading before allowing a

potentially massive factual controversy to proceed."[7]

---

[6] 550 U.S. at 557.

[7] *Id.* at 558 (*citing Associated Gen. Contractors of Cal., Inc. v. Carpenters,* 459 U.S. 519, 528, n. 17, 103 S. Ct. 897, 74 L. Ed. 2d 723 (1983).

Where a statute confers its own special jurisdiction, as is the case under both the CWA and the CAA, as opposed to general federal question jurisdiction under 28 U.S.C. § 1331 or another, similar, general provision, a plaintiff's obligation is especially critical: its complaint "must support the jurisdictional allegation. The CWA and CAA confer jurisdiction for a citizen suit only where a person is "alleged to be in violation of (A) an effluent standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation." 33 U.S.C. §1365(a); 42 U.S.C. § 7604(a). Accordingly, a plaintiff must recite more than just the statutory elements of a CWA or CAA violation, rather, a complaint must specifically identify the standard or limitation alleged to have been violated as well as sufficient facts that, if true, would make out a violation. Here, Plaintiff's have done neither and their Complaint must be dismissed for failing allege facts sufficient to establish subject matter jurisdiction.

## CONCLUSION

Accordingly, because Plaintiff's sixty-day notice letter was deficient in failing to notify Defendants of the dates of the alleged violations and of the specific standards, limitations, or orders that Defendants have allegedly violated, and as Plaintiff's Complaint fails to allege facts sufficient to establish subject matter jurisdiction under Rule 12(b)(1), NSC and NSRC respectfully request the Court to issue an order dismissing Plaintiff's Complaint for lack of jurisdiction.

Dated: April 17, 2009                    Troutman Sanders LLP


                                         */s/ David Montgomery Moore*
                                         By:  David Montgomery Moore
                                         Georgia Bar No. 518830
                                         Admitted Pro Hac Vice
                                         Troutman Sanders LLP
                                         Bank of America Plaza
                                         600 Peachtree Street, NW
                                         Atlanta, GA  30308-2216
                                         Telephone:  404.885.2622
                                         Facsimile:  404.962.6994




                                         McMahon DeGulis LLP


                                         */s/ Gregory J. DeGulis*
                                         By:  Gregory J. DeGulis
                                         Ohio Bar No. 0045705
                                         McMahon DeGulis LLP
                                         The Caxton Bldg.
                                         812 Huron Road, Ste. 650
                                         Cleveland , OH 44115
                                         Telephone:  216-621-1312
                                         Facsimile:  216-621-0577


                                         Attorneys for Defendants
                                         **NORFOLK SOUTHERN CORPORATION
                                         and NORFOLK SOUTHERN RAILWAY
                                         COMPANY**

2042484v1