UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CITY OF ASHTABULA ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. 1:09-CV-364 |
| ) | |
| v. ) | JUDGE POLSTER |
| ) | |
| NORFOLK SOUTHERN CORP., et al. ) | |
| ) | |
| Defendants. ) | |

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
OF DEFENDANT NORFOLK SOUTHERN**

Norfolk Southern Railway Company and Norfolk Southern Corporation (collectively, "Norfolk Southern") submit the following Answer, Affirmative Defenses, and Counterclaims in response to the City of Ashtabula's ("City") Complaint:

**NATURE OF ACTION**

1.  Norfolk Southern admits that the City purports to bring this civil action against Norfolk Southern pursuant to the citizen suit provision of the Clean Water Act, the content of which speaks for itself. Norfolk Southern admits that Norfolk Southern Railway Company owns and operates a coal dock facility located in Ashtabula, Ohio. Norfolk Southern denies the remaining allegations of paragraph 1.

1

2. Paragraph 2 contains legal conclusions to which no response is required. Norfolk Southern denies the remaining allegations of paragraph 2.

3. Norfolk Southern admits that the City purports to bring this action against Norfolk Southern pursuant to the citizen suit provision of the Clean Air Act, the content of which speaks for itself. Norfolk Southern denies the remaining allegations of paragraph 3.

4. Paragraph 4 contains legal conclusions to which no response is required. Norfolk Southern denies the remaining allegations of paragraph 4.

5. Norfolk Southern admits that the City seeks injunctive relief, imposition of civil penalties, and costs of the litigation (including attorney fees and expert witness fees). Norfolk Southern denies the remaining allegations of paragraph 5.

## PARTIES

6. The content of Article XVIII, Section 7 of the Ohio Constitution speaks for itself. Norfolk Southern lacks knowledge and information sufficient to form a belief as to the factual allegations of paragraph 6 and, therefore, denies them.

7. The contents of 33 U.S.C. § 1365, 33 U.S.C. § 1362(5), and 42 U.S.C. § 7602(e) speak for themselves. The remaining allegations of paragraph 7 contain legal conclusions to which no response is required.

8. Denied.

9. Denied.

10. Denied.

11. Norfolk Southern lacks knowledge and information sufficient to form a belief as to where the City's residents live, work, recreate, and conduct other activities and, therefore, denies the factual allegations of paragraph 11.

12. Denied.

13. Denied.

14. Norfolk Southern admits that Norfolk Southern Corporation is a Virginia Corporation. Norfolk Southern admits that Norfolk Southern Corporation is the holding company of Norfolk Southern Railway Company. Norfolk Southern admits that Norfolk Southern Railway Company is primarily engaged in the rail transportation of raw materials, intermediate products, and finished goods primarily in the Southeast, East, and Midwest of the United States.

15. Norfolk Southern admits that Norfolk Southern Railway Company owns and operates a Coal Dock facility located at 10 Bridge Street, Ashtabula, Ashtabula County, Ohio. Norfolk Southern admits that a portion of the Coal Dock facility lies within the municipal boundaries of the City of Ashtabula. Norfolk Southern lacks knowledge and information sufficient to form a belief as to the remaining factual allegations of paragraph 15 and, therefore, denies them.

16. The contents of 33 U.S.C. § 1362(5) and 42 U.S.C. § 7602(e) speak for themselves. The remaining allegations of paragraph 16 contain legal conclusions to which no response is required.

17. The contents of the citizen suit provisions of the Clean Water Act and the Clean Air Act speak for themselves. Norfolk Southern lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 and, therefore, denies them.

## JURISDICTION

18.     Norfolk Southern denies that this Court has jurisdiction over this action under 33 U.S.C. § 1365.  Norfolk Southern denies that there are or have been any past or present violations of Clean Water Act Sections 301(a) or 402 or any Clean Water Act permit(s) issued to Norfolk Southern at the Coal Dock facility.  Norfolk Southern further avers that this Court, by order dated June 17, 2009, dismissed all claims based on Clean Water Act Section 301 and all claims in Count III due to lack of proper notice as required by 33 U.S.C. § 1365(b).  (Doc. 15.)  Norfolk Southern denies any remaining allegations of paragraph 18.

19.     Norfolk Southern denies that this Court has jurisdiction over this action under 42 U.S.C. § 7604.  Norfolk Southern denies that there are or have been any violations of the Clean Air Act at the Coal Dock facility.  Norfolk Southern denies any remaining allegations of paragraph 19.

20.     Norfolk Southern denies that this Court has jurisdiction over this action under 28 U.S.C. § 1331, 33 U.S.C. § 1365(a), and 42 U.S.C. § 7604(a), the contents of which speak for themselves.  Norfolk Southern denies the remaining allegations of paragraph 20.

21.     The contents of the Clean Water Act's and the Clean Air Act's citizen suit provisions speak for themselves.  Norfolk Southern denies any remaining allegations of paragraph 21.

22.     Norfolk Southern denies that venue is properly vested in this Court.  Norfolk Southern further asserts that the contents of 33 U.S.C. § 1365(c)(1) and 42 U.S.C. § 7604(c)(1) speak for themselves.  Norfolk Southern admits that the Coal Dock facility is located in the Northern District of Ohio.

**NOTICE**

23.     Norfolk Southern admits that the City mailed a letter to Norfolk Southern dated November 26, 2008 and attached to the City's Complaint as Exhibit A.  The content of the City's November 26, 2008 letter speaks for itself.  Norfolk Southern also asserts that the contents of 33 U.S.C. § 1365(a) and 42 U.S.C. § 7604(a) speak for themselves.  Norfolk Southern further avers that this Court, by order dated June 17, 2009, determined that the letter was insufficient as a matter of law to constitute notice under the Clean Water Act with respect to claims pursuant to Section 301 and all claims in Count III.  (Doc. 15.)  Norfolk Southern lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 23 and, therefore, can neither admit nor deny them.  Norfolk Southern denies the remaining allegations of paragraph 23.

24.     Norfolk Southern admits that as of February 17, 2009 (the date of the Complaint), sixty days had passed since Norfolk Southern received the City's November 26, 2008 letter.  Norfolk Southern denies the allegation that neither the Environmental Protection Agency nor the Ohio Environmental Protection Agency have commenced and are diligently prosecuting a civil action to redress alleged violations.  Norfolk Southern lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24 and, therefore, denies them.

**STATUTORY AND REGULATORY BACKGROUND**

**The Clean Water Act**

25.     The contents of 33 U.S.C. § 1311(a), 33 U.S.C. § 1362(12), and 33 U.S.C. § 1362(6) speak for themselves.  Norfolk Southern denies any remaining allegations of paragraph 25.

26. The contents of 33 U.S.C. § 1342(a) and 33 U.S.C. § 1362(14) speak for themselves. Norfolk Southern denies any remaining allegations of paragraph 26.

27. The content of 33 U.S.C. § 1342(p) and 40 C.F.R. § 122.26(a)(6) speak for themselves. Norfolk Southern denies any remaining allegations of paragraph 27.

28. The content of 33 U.S.C. § 1342 speaks for itself. Norfolk Southern denies any remaining allegations of paragraph 28.

**The Clean Air Act**

29. The content of 42 U.S.C. § 7401(b)(1) speaks for itself. Norfolk Southern denies any remaining allegations of paragraph 29.

30. The contents of 42 U.S.C. § 7401 and 42 U.S.C. § 7410 speak for themselves. Norfolk Southern denies any remaining allegations of paragraph 30.

31. The contents of 42 U.S.C. § 7410(a) and 42 U.S.C. § 7410(k) speak for themselves. Norfolk Southern denies any remaining allegations of paragraph 31.

32. Paragraph 32 contains legal characterizations of State Implementation Plans under the Clean Air Act to which no response is required. Norfolk Southern denies any remaining allegations of paragraph 32.

33. The content of 40 C.F.R. § 52.1873 speaks for itself. Norfolk Southern denies any remaining allegations of paragraph 33.

34. The content of OAC Rule 3745-15-07 speaks for itself. Norfolk Southern denies any remaining allegations of paragraph 34.

**FACTS**

35. Norfolk Southern admits that its coal dock is bordered to the north by Lake Erie, and to the west by commercial and residential properties. Norfolk Southern denies that its coal

dock is located on the east and west banks of the Ashtabula River. By further response, coal dock activities take place on property to the west of the Ashtabula River and activities do not take place on the banks of the river. Norfolk Southern admits that it operates a rail transportation facility on property to the east of the Ashtabula River. Norfolk Southern denies any remaining allegations of paragraph 35.

36.     Norfolk Southern admits that coal is at times delivered to the rail transportation facilities at property on the eastern side of the Ashtabula River. Norfolk Southern admits that coal is at times unloaded at its transportation facilities at property on the eastern side of the Ashtabula River and is transported to the western side of the Ashtabula River to its coal dock via a transport bridge that has been in place and served this function since 1968. Norfolk Southern admits that its coal dock at times contains coal stock piles necessary to load large coal vessels that traverse Lake Erie. Norfolk Southern further avers that what the City refers to as a "conveyor belt" is, in fact, a bridge built in 1968 to transport coal from the transportation facilities to the east of the coal dock to the coal dock. The bridge is enclosed except for venting necessary to prevent fire or explosion. The allegation in the second paragraph that coal storage piles at the coal dock can be at heights several stories high at times lacks specificity and can neither be admitted nor denied. Norfolk Southern denies any remaining allegations of paragraph 36.

37.     Norfolk Southern admits that it operates a water treatment plant to treat runoff water and process water. Norfolk Southern further avers that the Ohio Environmental Protection Agency, under authorization from the U.S. Environmental Protection Agency, has issued a Clean Water Act National Pollution Discharge Elimination System ("NPDES") permit (Permit # 31T00011) to Norfolk Southern for discharges to the Ashtabula River and Lake Erie. Norfolk

Southern avers that operations at its coal dock and associated facilities, by necessity, involve the discharge of storm water and process water and that these discharges are authorized by Permit # 31T00011.  Norfolk Southern admits that the runoff water and process water treated by Norfolk Southern at times includes rain water, snow melt, and water sprayed on coal piles to suppress dust.  Norfolk Southern admits that coal piles are at times sprayed using stanchion mounted sprinklers and by mobile trucks.  Norfolk Southern admits that the spray process may be needed at various times during the year, depending upon weather conditions and conditions of the coal piles.  Norfolk Southern denies the remaining allegations of paragraph 37.

38.    The content of Permit # 31T00011 speaks for itself.  Norfolk Southern denies any remaining allegations of paragraph 38.

39.    The content of Part III.11 of Permit # 31T00011 speaks for itself.  Norfolk Southern denies any remaining allegations of paragraph 39.

40.    Denied.  Norfolk Southern further avers that Permit # 31T00011 authorizes Norfolk Southern to make certain discharges from its coal dock and facility to the Ashtabula River and Lake Erie.  The permit does not differentiate between operations at the facility. Norfolk Southern denies any remaining allegations of paragraph 40.

41.    Norfolk Southern admits that at times water is sprayed onto coal as it is transported by a covered bridge from its transportation facilities on the east side of the Ashtabula River to the west side of the Ashtabula River.  Norfolk further avers that such water is sprayed as a dust control measure in accordance with its air emissions permit to control dust emissions. Norfolk Southern admits that water is used at times to clean the covered bridge which crosses the Ashtabula River.  Norfolk Southern denies any remaining allegations of paragraph 41.

42. Paragraph 42 contains legal conclusions to which no response is required. Norfolk Southern denies any remaining allegations of paragraph 42.

43. Norfolk Southern lacks knowledge and information sufficient to form a belief as to the factual allegation contained in paragraph 43 and, therefore, denies them. The remaining allegations of paragraph 43 contain legal conclusions to which no response is required.

44. The content of air permits issued to Norfolk Southern speak for themselves. Norfolk Southern denies any remaining allegations of paragraph 44.

45. The contents of the air permits issued by Ohio EPA to Norfolk Southern speak for themselves. Norfolk Southern denies any remaining allegations of paragraph 45.

46. The content of the air permit to operate for source F001 speaks for itself. Norfolk Southern further asserts that the content of OAC Rule 3745-17-07(B)(1) speaks for itself. Norfolk Southern denies any remaining allegations of paragraph 46.

47. The permit to operate for source F002 speaks for itself. The content of OAC Rule 3745-17-07(B)(6) speaks for itself. Norfolk Southern denies any remaining allegations of paragraph 47.

48. Norfolk Southern lacks knowledge and information sufficient to form a belief as to the factual allegation contained in paragraph 48 and, therefore, denies the factual allegations of paragraph 48.

### COUNT ONE: Discharge of Pollutants from Conveyor Belt No. 2 into Navigable Waters without a Permit

49. Norfolk Southern incorporates its responses to paragraphs 1 through 48 of the City's Complaint as if set forth herein.

50. Denied. The content of 33 U.S.C. § 1362 speaks for itself.

51. Denied. The content of 33 U.S.C. § 1362 speaks for itself.

52. Denied. The content of 33 U.S.C. § 1362 speaks for itself.

53. Denied. The allegations of paragraph 53 contain legal conclusions to which no response is required.

54. Denied. The content of 33 U.S.C. § 1311(a) speaks for itself. The remaining allegations of paragraph 54 contain legal conclusions to which no response is required. Norfolk Southern further avers that that this Court, by order dated June 17, 2009, dismissed all claims based on Clean Water Act Section 301, 33 U.S.C. § 1311(a) due to lack of proper notice as required by 33 U.S.C. § 1365(b). (Doc. 15.)

55. Denied. The content of 33 U.S.C. § 1342 speaks for itself. The remaining allegations of paragraph 55 contain legal conclusions to which no response is required. Norfolk Southern further avers that any claim that Norfolk Southern has made discharges without a permit under the Clean Water Act is not cognizable under 33 U.S.C. § 1342. Such a claim could only be brought under 33 U.S.C. § 1311(a).

56. Denied. The contents of 33 U.S.C. §§ 1311 and 1342 speaks for themselves. The remaining allegations of paragraph 56 contain legal conclusions to which no response is required. Norfolk Southern further avers that this Court, by order dated June 17, 2009, dismissed all claims based on Clean Water Act Section 301 due to lack of proper notice as required by 33 U.S.C. § 1365(b). (Doc. 15.) Moreover, any claim that Norfolk Southern has made discharges without a permit under the Clean Water Act is not cognizable under 33 U.S.C. § 1342.

**COUNT TWO:  Discharge of Pollutants from the East Bank of the Coal Dock into Navigable Waters Without a Permit**

57. Norfolk Southern incorporates its responses to paragraphs 1 through 56 of the City's Complaint as if set forth herein.

58. Denied. The allegations of paragraph 58 contain legal conclusions to which no response is required. Norfolk Southern lacks knowledge and information sufficient to form a belief as to the remaining factual allegations contained in paragraph 58 and, therefore, denies the factual allegations of paragraph 58.

59. Denied. The allegations of paragraph 59 contain legal conclusions to which no response is required.

60. Denied. The content of 33 U.S.C. § 1311(a) speaks for itself. The remaining allegations of paragraph 60 contain legal conclusions to which no response is required. Norfolk Southern further avers that this Court, by order dated June 17, 2009, dismissed all claims based on Clean Water Act Section 301, 33 U.S.C. § 1311(a), due to lack of proper notice as required by 33 U.S.C. § 1365(b). (Doc. 15.).

61. Denied. The content of 33 U.S.C. § 1342 speaks for itself. The remaining allegations of paragraph 61 contain legal conclusions to which no response is required. Norfolk Southern further avers that any claim that Norfolk Southern has made discharges without a permit under the Clean Water Act is not cognizable under 33 U.S.C. § 1342. Such a claim could only be brought under 33 U.S.C. § 1311(a).

62. Denied. The contents of 33 U.S.C. §§ 1311 and 1342 speak for themselves. The remaining allegations of paragraph 62 contain legal conclusions to which no response is required. Norfolk Southern further avers that this Court, by order dated June 17, 2009, dismissed all claims based on Clean Water Act Section 301 due to lack of proper notice as required by 33 U.S.C. § 1365(b). (Doc. 15.) Moreover, any claim that Norfolk Southern has made discharges without a permit under the Clean Water Act is not cognizable under 33 U.S.C. § 1342.

## COUNT THREE:  Violation of NPDES Permit

63. Norfolk Southern incorporates its responses to paragraphs 1 through 62 of the City's Complaint as if set forth herein.

64. Denied.  By order dated June 17, 2009, this Court dismissed Count Three of the City's Complaint in its entirety.  (Doc. 15.)

65. Denied.  By order dated June 17, 2009, this Court dismissed Count Three of the City's Complaint in its entirety.  (Doc. 15.)

66. Denied.  By order dated June 17, 2009, this Court dismissed Count Three of the City's Complaint in its entirety.  (Doc. 15.)

## COUNT FOUR:  Public Nuisance

67. Norfolk Southern incorporates its responses to paragraphs 1 through 66 of the City's Complaint as if set forth herein.

68. Denied.

## PRAYER FOR RELIEF

Based upon Norfolk Southern's responses to the allegations contained in paragraphs 1 through 68 of the City's Complaint, Norfolk Southern asserts that the City is not entitled to any of the relief set forth in the City's Prayer for Relief.

## NORFOLK SOUTHERN'S AFFIRMATIVE DEFENSES

1. The City's Complaint fails to state any claim upon which relief can be granted.

2. The City lacks standing to assert any and all of its claims.

3. This Court lacks subject matter jurisdiction over the City's claims.

4. The City's claims, in whole or in part, are not ripe for review.

5. The City's claims are precluded, estopped, or otherwise barred by collateral estoppel, issue preclusion, waiver, or res judicata.

6. The City's claims are barred by the doctrine of laches.

7. The City's claims are barred because the City has failed to satisfy the prerequisites and requirements required by law, including, without limitation, exhaustion of administrative remedies.

8. The City's claims are barred under provisions of the Clean Water Act and Clean Air Act as the state has commenced and is diligently prosecuting the allegations set forth in the Complaint.

9. This Court lacks jurisdiction over the City's claims because of the City's failure to include necessary and indispensable parties to this litigation under Federal Rule of Civil Procedure 19.

10. This Court lacks jurisdiction over Count IV of the City's Complaint because O.A.C. Rule 3745-15-07 does not establish an "emission standard or limitation" for purposes of the Clean Air Act's citizen suit provision, 42 U.S.C. § 7604.

11. This Court lacks jurisdiction over Count IV of the City's Complaint because O.A.C. Rule 3745-15-07 is not an enforceable part of the Ohio State Implementation Plan under the Clean Air Act.

12. This Court lacks jurisdiction over Count IV of the City's Complaint because the City is without authority under Ohio law to bring a "public nuisance" claim against Norfolk Southern under O.A.C. Rule 3745-15-07.

13. Norfolk Southern is in full compliance with all permits issued to Norfolk Southern by the Ohio EPA for activities at the Coal Dock facility.

**NORFOLK SOUTHERN'S COUNTERCLAIMS**

Norfolk Southern asserts the following counterclaims against the City of Ashtabula, Ohio ("City"):

**COUNT ONE:**
**CLEAN WATER ACT LITIGATION COSTS**

14. Norfolk Southern Corporation is a Virginia corporation headquartered in Norfolk, Virginia. Norfolk Southern Railway Company is a Virginia corporation headquartered in Norfolk, Virginia. Norfolk Southern Railway Company is a wholly owned subsidiary of Norfolk Southern Corporation. Norfolk Southern Corporation and Norfolk Southern Railway Corporation are referred to collectively as "Norfolk Southern."

15. The City purports to bring Counts One, Two, and Three of its Complaint pursuant to Section 505 the Clean Water Act, 33 U.S.C. § 1365.

16. Section 505(d) provides: "The court, in issuing any final order in any action brought pursuant to this section, may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate. . . ." 33 U.S.C. § 1365(d).

17. Pursuant to Clean Water Act Section 505(d), in the event this Court issues any final order in favor of Norfolk Southern On Counts One, Two, and/or Three of the City's Complaint, Norfolk Southern will be entitled to, and will request, an award of all costs of litigation (including reasonable attorneys' fees and expert witness fees) against the City.

**COUNT TWO:**
**CLEAN AIR ACT LITIGATION COSTS**

18. Norfolk Southern Corporation is a Virginia corporation headquartered in Norfolk, Virginia. Norfolk Southern Railway Company is a Virginia corporation headquartered in

14

Norfolk, Virginia. Norfolk Southern Railway Company is a wholly owned subsidiary of Norfolk Southern Corporation. Norfolk Southern Corporation and Norfolk Southern Railway Corporation are referred to collectively as "Norfolk Southern."

19.     The City purports to bring Count Four of its Complaint pursuant to Section 304(a) of the Clean Air Act, 42 U.S.C. § 7604(a).

20.     Section 304(d) of the Clean Air Act provides: "The court, in issuing any final order in any action brought pursuant to subsection (a) of this section, may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate. . . ." 42 U.S.C. § 7604(d).

21.     Pursuant to Section 304(d) of the Clean Air Act, in the event this Court issues any final order in favor of Norfolk Southern on Count Four of the City's Complaint, Norfolk Southern will be entitled to, and will request, an award of all costs of litigation (including reasonable attorneys' fees and expert witness fees) against the City.

## PRAYER FOR RELIEF

Upon the entry of final judgment in favor of Norfolk Southern, Norfolk Southern respectfully asks this Court for an award of all costs of litigation (including reasonable attorneys' fees and expert witness fees) against the City pursuant to 33 U.S.C. § 1365(d) and 42 U.S.C. § 7604(d), and to grant Norfolk Southern such other and further relief as the Court deems just and appropriate.

                                        Respectfully submitted,

| | |
|---|---|
| s/ David Montgomery Moore | s/ Gregory J. DeGulis |
| David Montgomery Moore | Gregory J. DeGulis |
| BALCH & BINGHAM LLP | MCMAHON DEGULIS LLP |
| 30 Ivan Allen, Jr. Blvd., NW | The Caxton Bldg. |
| Suite 700 | 812 Huron Road |
| Atlanta, GA 30308 | Suite 650 |
| Telephone: (404) 962-3530 | Telephone: (216) 621-1312 |
| Facsimile: (866) 849-8945 | Facsimile: (216) 621-0577 |
| Email: dmoore@balch.com | Email: gdegulis@mdllp.net |
| Georgia Bar No. 518830 | Ohio Bar No. 0045705 |
| Admitted Pro Hac Vice | |

**Attorneys for Defendants Norfolk Southern and Norfolk Southern Railway Company**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Answer, Affirmative Defenses, and Counterclaims was filed electronically on June 30, 2009 constituting service to all parties listed on the electronic filing receipt in accordance with the District Court for the Northern District of Ohio Electronic Filing Policies and Procedures Manual (February 2, 2009). In accordance with the Manual, a copy was served by regular U.S. Mail on June 30, 2009 to the following parties not listed on the electronic filing receipt:

Michael Franklin
City Solicitor
Office of the City Solicitor
110 West 44th Street, Unit 2
Ashtabula, Ohio 44004

| | |
|---|---|
| s/ David Montgomery Moore | s/ Gregory J. DeGulis |
| David Montgomery Moore | Gregory J. DeGulis |
| BALCH & BINGHAM LLP | MCMAHON DEGULIS LLP |
| 30 Ivan Allen, Jr. Blvd., NW | The Caxton Bldg. |
| Suite 700 | 812 Huron Road |
| Atlanta, GA 30308 | Suite 650 |
| Telephone: (404) 962-3530 | Telephone: (216) 621-1312 |
| Facsimile: (866) 849-8945 | Facsimile: (216) 621-0577 |
| Email: dmoore@balch.com | Email: gdegulis@mdllp.net |
| Georgia Bar No. 518830 | Ohio Bar No. 0045705 |
| Admitted Pro Hac Vice | |

**Attorneys for Defendants Norfolk Southern
and Norfolk Southern Railway Company**